## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

**In re:**

**MPGF, Inc.**                                                **Chapter 7**
**dba Maple Grove Floral and Indulge & Bloom,**

**Debtor(s).**                                              **BK 24-42399**

---

### NOTICE OF HEARING AND MOTION TO DISMISS CHAPTER 11 CASE

---

COMES NOW the Acting United States Trustee (UST) and moves to dismiss this case. In support of her motion, she states the following:

1.   A hearing has been scheduled in this matter on December 5, 2024, at 11:00 a.m., before the U.S. Bankruptcy Court, Courtroom No. 2C, U.S. Courthouse, 316 North Robert St., St. Paul, Minnesota.

2.   Any response to the motion to dismiss must be filed and served no later than Friday, November 29, 2024, which is seven days prior to the hearing on this motion.      UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

3.   This court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, FED. R. BANKR. P. 5005, and Local Bankruptcy Rule 1070-1.   This proceeding is a core proceeding.

4.   The United States Trustee has standing under 11 U.S.C. § 307 and 28 U.S.C. § 586.

5.   This motion arises under 11 U.S.C. § 1112(b).   This motion is filed under FED. R. BANKR. P. 1017 & 9014 and Local Rules 2002-1, 2002-4, & 9013-1 to 9013-3.   Section 1112(b)(1) provides that a motion to dismiss may be treated as a motion to convert by the

1

Bankruptcy Court if it finds conversion in the best interest of the creditors and the estate.

6.    The Debtor filed a chapter 11 petition to reorganize on March 1, 2013.    The
debtor lists three equal shareholder officers:   Amarjit Sing (President), Kanwal Singh
(Secretary) and Surinder Sing (CEO).

8.    The Debtor filed a petition to proceed as a small business subchapter V case in
bankruptcy on September 5, 2024.

9.    The Debtor has failed to file the small business documents required at Section
1187 and Section 1116.    Specifically, the Debtor has failed to file the following documents
with the Court:   most recent balance sheet, statement of operations, cash flow statement, and
Federal income tax return.   *See* 11 U.S.C. §1116(1).   The documents were due within 7 days of
the petition.

10.    The Debtor attorney has failed to file a Disclosure of Compensation of Attorney
of Debtor/ Rule 2016(b) Statement in the case.

11.    The UST sent Debtor's counsel an email regarding these requirements on
September 6, 2024 and followed up September 17, 2024 and September 25, 2024.   The UST
noted she would file this motion if the documents were not filed by September 30, 2024.   See
Att. Ex. 1 (Email exchanges).

12.    Cause exists to dismiss this case under Section 1112(b)(4)( F) for failing to file
the small business debtor documents and/or the Rule 2016(b) Statement.

13.    The UST reserves the right to amend this motion and raise other cause prior to the
hearing.   The September 2024 and October monthly operating reports will come due prior to the
hearing.   Upon information and belief, the Landlord has asserted a security interest in cash
collateral.    The Internal Revenue Service has asserted in its proof of claim that the Debtor has

not filed tax returns since 2018, which completion is a requirement of confirmation at Section 1129(a)(2) and Section 1106(a)(6).

14.     The UST moves for dismissal at this time.   There is not sufficient information to determine whether conversion is in the best interest of the estate because little operational information has been provided.

WHEREFORE, the United States Trustee moves the Court to dismiss this case.

Dated: October 2, 2024                     MARY R. JENSEN
                                           United States Trustee
                                           Region 12

                                            /s/ Sarah J.   Wencil
                                           Sarah J.   Wencil
                                           Trial Attorney
                                           Iowa Atty No.   14014
                                           Office of U.S. Trustee
                                           U.S. Courthouse, Suite 1015
                                           300 South Fourth Street
                                           Minneapolis, MN 55415
                                           TELE: (612) 334-1350

Exhibit 1

| | |
|---|---|
| **From:** | Ron Walsh |
| **To:** | Wencil, Sarah J. (USTP) |
| **Cc:** | Atkinson, Nissa L. (USTP); Mary Sieling; Joshua Lindgren |
| **Subject:** | [EXTERNAL] RE: MPGF, Inc. Chapter 11 24-42399 |
| **Date:** | Wednesday, September 25, 2024 11:05:57 AM |

Sarah,

I am in regular contact with Joshua and his team for the information.   I have proof of insurance to provide.  The financials are not presentable at the moment.   Just before filing, the Debtor was moving its Quickbooks data from the cloud-based version to a desktop version.  I am advised that the migration of data did not go well and their accountant needs to correct the books, etc.  I have an operating statement of sorts for activity since filing that I can provide.

As you may know, the IRS just filed a gigantic estimated claim.    I am assured by my client that all income tax and withholding tax returns have been filed and no taxes are owed.  I have requested copies of the returns so I may engage with the IRS to withdraw their claim.

I have prepared an Application to Employ Walsh Law and will have that filed momentarily.  I will also undertake to get the Debtor's tax accountant approved by your office in light in the need to correct and bring current the financial books and records for the Debtor.


Sincerely,


Ronald J. Walsh, Esq.



13570 Grove Drive, Suite 172
Maple Grove, MN 55311
952-746-7872
Ron@WalshLawMN.com

---

**From:** Wencil, Sarah J. (USTP) <Sarah.J.Wencil@usdoj.gov>
**Sent:** Wednesday, September 25, 2024 8:32 AM
**To:** Ron Walsh <ron@walshlawmn.com>
**Cc:** Atkinson, Nissa L. (USTP) <Nissa.L.Atkinson@usdoj.gov>; Mary Sieling <mary@mantylaw.com>; Joshua Lindgren <joshua@indulgeandbloom.com>
**Subject:** RE: MPGF, Inc. Chapter 11 24-42399


Ron,

I am following up on when the small business documents required by Sections 1187 and 1116 , the Rule 2016(b) statement will be filed.   These documents are past due. Your employment application has also not been filed.

Nissa Atkinson has stated that you have not provided the documents for the IDI which is scheduled for tomorrow.   The lack of documents makes conducting the meeting difficult and may cause her to continue the interview.   What is the status of those documents.

Please note that the failure to comply with filing obligations and to provide documents to the UST is specific cause to dismiss this case under Section 1112.    The UST is required to "promptly" file a motion to dismiss a case where there are material grounds to dismiss a case.  See 28 USC 586(a)(8).

I understand that you recently had health issues; however, please provide the IDI documentation before the meeting tomorrow and file the small business documents no later than September 30, 2024, or the UST will be required to file a motion to dismiss this case.

Thank you for your attention to this matter.

Sarah Wencil

---

**From:** Ron Walsh <ron@walshlawmn.com>
**Sent:** Tuesday, September 17, 2024 9:43 AM
**To:** Wencil, Sarah J. (USTP) <Sarah.J.Wencil@usdoj.gov>
**Cc:** Atkinson, Nissa L. (USTP) <Nissa.L.Atkinson@usdoj.gov>; Mary Sieling <mary@mantylaw.com>; Joshua Lindgren <joshua@indulgeandbloom.com>
**Subject:** [EXTERNAL] RE: MPGF, Inc. Chapter 11 24-42399

Good Morning Sarah,

I will follow up with my client today in this regard.   I was intending to drop an email to your office.   I underwent an emergency appendectomy last Wednesday and was hospitalized through Saturday.  Trying to catch up.  I understand the deadline passed in the meantime and will expedite this as best I can.  Ugh...

Sincerely,

Ronald J. Walsh, Esq.



13570 Grove Drive, Suite 172
Maple Grove, MN 55311
952-746-7872
Ron@WalshLawMN.com

---

**From:** Wencil, Sarah J. (USTP) <Sarah.J.Wencil@usdoj.gov>
**Sent:** Tuesday, September 17, 2024 9:33 AM
**To:** Ron Walsh <ron@walshlawmn.com>
**Cc:** Atkinson, Nissa L. (USTP) <Nissa.L.Atkinson@usdoj.gov>; Mary Sieling <mary@mantylaw.com>
**Subject:** RE: MPGF, Inc. Chapter 11 24-42399

Ron,

The small business documents required by Section 1187(a) and Section 1116 were due to be filed by 9/13.   What is the status of those documents?

Thank you

Sarah Wencil

---

**From:** Wencil, Sarah J. (USTP)
**Sent:** Friday, September 6, 2024 10:44 AM
**To:** Ron Walsh <ron@walshlawmn.com>
**Cc:** Atkinson, Nissa L. (USTP) <Nissa.L.Atkinson@usdoj.gov>
**Subject:** RE: MPGF, Inc. Chapter 11 24-42399

Thank you for the information Mr. Walsh.   It is very helpful to get a background on the business.

I don't think we have worked together on a Subchapter V case.  As a reminder:

1. The small business documents required by Section 1187(a) and Section 1116 are due with 7 days.

2. Your Rule 2016(b) statement was not included with the filed schedules and is due within 14 days.

3. I would recommend that you file your employment application with the Court as soon as possible.  Under Local Rule 2014-1, the employment is technically not official until the application is filed and if you wait too long, the Court may deny fees for services

provided prior to the date of filing the application.

4. I have scheduled the telephonic Section 341 meeting for Thursday 10/3 at 1:30 p.m.
   The Clerk will send out the Notice once the Subchapter V Trustee is confirmed.   The
   Notice will also include the hearing date and time for the status conference required by
   Section 1188, so you will want to find that date as well in the Notice, as I don't think the
   Court issues a separate notice of hearing.   Section 1188(c) also requires a Status
   Report to be filed 14 days before the status conference.

5. I have copied Nissa Atkinson on this email, who is our analyst for the case.   She will
   contact you separately to set up an Initial Debtor Interview (IDI) that will be telephonic to
   review the Debtor's financials and the operating report requirements.

6. Wells Fargo is an authorized depository to set up the DIP account.   You should receive
   an instructional letter regarding the Bank Account Reporting Form and requirements.   If
   the Debtor's accounts are below the FDIC insurance amounts, you may file a motion
   with the Court for permission to continue using those accounts, and we are fine with
   that as long as the balances stay below $250,000.

7. Some recent case examples Fair State Brewing Coop  24-30381 (a recent brewery case);
    Perspectives 24-40832 (good examples of employment apps and other motions);
    Gleason's Gym 22-30690  (a bit older, but this is a smaller business like your case).

Let me know if you have any questions.


Sarah Wencil
Trial Attorney
Office of the US Trustee

---

**From:** Ron Walsh <ron@walshlawmn.com>
**Sent:** Friday, September 6, 2024 10:11 AM
**To:** Wencil, Sarah J. (USTP) <Sarah.J.Wencil@usdoj.gov>
**Subject:** [EXTERNAL] MPGF, Inc. Chapter 11 24-42399

Good Morning Trustee Wencil,

     MPGF, Inc. is a Floral Shop here in Maple Grove.  I have worked with their team for
many years on many ordinary business matters and disputes,   This case flows primarily from a
landlord dispute.

     The business has been operating in a small retail mall off Weaver Lake Road for about

six years.  The business struggled during Covid but survived.  Last year, an adjoining space became available.   Debtor and Landlord agreed to an Amended Lease to take over and expand into the space with some deferred rent and TI reimbursement, the usual customary enticements to enter into a long-term lease.  Turns out the space had significant issues of mold and water leaking into it.  For this introduction, suffice it to say there are many issues related to the condition of the new space that have significantly affected its use.

Debtor is able to pay its rent and is doing so.  Debtor and I have had several meetings and discussions with the Landlord's team to resolve the matters.  The Landlord has taken some steps to remediate the mold but has not completely done so.  We were unable to come to terms, but not for a lack of trying.   Landlord eventually commenced an eviction action in Hennepin County. The remote trial is set for today at 1:30 pm.  I have filed the notice of filing and will appear to advise the Court accordingly.   Counsel for Landlord has been notified and already filed a notice of appearance in this case.

There is another pending action in Hennepin County arising out of a foreign judgement against the Debtor and others from Michigan.    I can provide more information whenever we can share a call.

The Debtor intends to resolve/liquidate the claimed lease arrearage and assume the non-residential lease.   Once the lease is level set, the Debtor is a viable company and further intends to prepare and propose a plan of full payment to its unsecured creditors.

There are no priority tax claims or secured creditors.  Income and payroll tax returns are current.   Most of the current vendors are COD/prepaid for flowers, etc..

I have advised the Debtor about getting its DIP account established.  Please send your instructions, etc. to this requirement.   It currently banks at Wells Fargo.  I expect the DIP account will be opened there as well.  I will keep you and the case trustee, once assigned, advised on this progress.

I am available most of the day for a call from you to discuss anything.   Excepting 1:30 to 2:00 or so while I deal with the eviction matter.    I will prepare my application for approval as counsel imminently.

My cell number is 612-590-4212.

Sincerely,


Ronald J. Walsh, Esq.



13570 Grove Drive, Suite 172
Maple Grove, MN 55311
952-746-7872
Ron@WalshLawMN.com

# VERIFICATION

I, Sarah J.   Wencil, an attorney for the United States Trustee, do hereby certify that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated:   October 2, 2024

/s/ Sarah J.   Wencil
Sarah J.   Wencil
Trial Attorney

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

In re:

**MPGF, Inc.**                                                    **Chapter 7**
**dba Maple Grove Floral and Indulge & Bloom,**

**Debtor(s).**                                                   **BK 24-42399**

## MEMORANDUM OF LAW

Section 1112(b)(1) provides that the Bankruptcy Court shall dismiss or convert a case for

cause absent unusual circumstances specifically identified by the Court that establish that

conversion or dismissal is not in the best interest of the estate.   11 U.S.C. § 1112(b)(1).    A

non-exhaustive list of cause is provided under ' 1112(b)(4), which includes the following

relevant provisions:

> (F) unexcused failure to satisfy timely any filing or reporting
> requirement established by this title or by any rule applicable to a
> case under this chapter;

11 U.S.C. S 1112(b)(4)(F).

In the present case, the Debtor has failed to timely file the small business documents

required by Section 1187(a) and Section 1116(1).   If a debtor fails to timely file the documents

required to be filed in a chapter 11 case, cause exists to dismiss the case.

It should be noted that the Internal Revenue Service has filed a proof of claim alleging

that the Debtor has failed to file tax returns since 2018.   The Debtor has an alarming lack of

financials in the present case, which is a cause of concern of whether the Debtor can meet the

confirmation standards of Section 1191(a) or (b) by complying with Bankruptcy Code.

1

## Rebuttal

Once cause is established, the Court may exercise its discretion not to dismiss or convert the case only if it identifies unusual circumstances establishing that converting or dismissing the case is not in the best interest of the estate. 11 U.S.C. § 1112(b)(2).   However, in that instance, the debtor must also establish:

> **(A)** there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and

> **(B)** the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)—

> > **(i)** for which there exists a reasonable justification for the act or omission; and

> > **(ii)** that will be cured within a reasonable period of time fixed by the court.

11 U.S.C. § 1112(b)(2).

A bankruptcy court has broad discretion in deciding whether to dismiss or convert a Chapter 11 case.   *Lumber Exchange Bldg., Ltd. v. Mutual Life Ins. Co. (In re Lumber Exchange Bldg., Ltd.)*, 968 F.2d 647, 648 (8th Cir. 1992).   The Acting United States Trustee requests that the Bankruptcy Court dismiss this case for cause pursuant to 11 U.S.C. §1112(b)(4).

**CONCLUSION**

The United States Trustee requests that the Bankruptcy Court dismiss this case pursuant

to Section 1112.

Dated: October 2, 2024                        MARY R. JENSEN
                                              United States Trustee
                                              Region 12


                                              /s/ Sarah J.   Wencil
                                              Sarah J.   Wencil
                                              Trial Attorney
                                              Iowa Atty.   No.   14014
                                              Office of U.S. Trustee
                                              U.S. Courthouse, Suite 1015
                                              300 South Fourth Street
                                              Minneapolis, MN 55415
                                              TELE: (612) 334-1350

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

**In re:**

| | |
|---|---|
| **MPGF, Inc.** | **Chapter 7** |
| **dba Maple Grove Floral and Indulge & Bloom,** | |
| **Debtor(s).** | **BK 24-42399** |

---

## ORDER

---

The U.S. Trustee's motion to dismiss the case came before the undersigned.

Based on the case file, the pleadings, and the arguments of the parties, the Court made its findings of fact and conclusions of law on the record pursuant to Rule 52 of the Federal Rules of Civil Procedure and Rule 7052 of the Federal Rules of Bankruptcy Procedure.

IT IS HEREBY ORDERED:

This case is dismissed.

Dated: _____

_____
Kesha L. Tanabe
U.S. Bankruptcy Judge